AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
## for the
### Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
8/1/25
CENTRAL DISTRICT OF CALIFORNIA
BY: MRV  DEPUTY



FILED
CLERK, U.S. DISTRICT COURT
AUG - 1 2025
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

United States of America

    Plaintiff

    v.

Johana Vaquerano De Guevara,

    Defendant

Case No. 2:25-mj-04810-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Michael Flynn, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of March 27, 2023, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
/s/
Complainant's signature

Michael Flynn, Deportation Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 8/1/2025

_____
Judge's signature

City and state: Los Angeles, California

Hon. Jacqueline Chooljian, U.S. Magistrate Judge
*Printed name and title*

SAUSA: Chris Mills X13819

**AFFIDAVIT**

I, Michael Flynn, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant for JOHANA VAQUERANO DE GUEVARA ("defendant"), charging her with violating Title 8, United States Code, Sections 1326(a), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF DEPORTATION OFFICER MICHAEL FLYNN

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since February 2021. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. STATEMENT OF PROBABLE CAUSE

4.   ICE Homeland Security Investigations ("HSI") received a referral from U.S. Citizenship and Immigration Services ("USCIS") that defendant, a previously deported alien, was back in the United States. The referral stated that on March 27, 2023, defendant submitted form I-131, Application for Travel document for humanitarian parole for her minor children and resides at 7964 ½ De Garmo Avenue, Sun Valley, California 91352. Parole Operations within (USCIS) conducted security checks on defendant which yielded an Egregious Public Safety (EPS) alert for sexual abuse of a minor as defined in section 101(a)(43)(A) of the INA.

5.   On or about July 26, 2025, at approximately 0830 hours United States Marshal Service ("USMS"), Marshal Stovall T. conducted surveillance outside the home at the address provided. The US Marshal witnessed a person leaving the residence. The US Marshal compared the photographs of defendant in ICE systems under the name "JOHANA VAQUERANO DE GUEVARA" and formed the opinion that the person was, in fact, defendant. The US Marshal additionally observed defendant drive away in a white Mercedes (CA/LP 8ZON010). Records checks confirm the registered owner of the vehicle to be "JOHANA VAQUERANO" "7964 ½ De Garmo Avenue, Sun Valley CA 91352.

6.   Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also

Case 2:25-mj-04810-DUTY   Document 1   Filed 08/01/25   Page 4 of 6   Page ID #:4

know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

7. On or about July 29, 2025, I obtained and reviewed DHS A-File A206-080-345 (the "DHS A-File"), which is maintained for the subject alien "JOHANA VAQUERANO DE GUEVARA." The DHS A-File contained the following documents and information:

    a. Photographs of the subject alien to whom DHS A-File A206-080-345 corresponds to. I compared these photographs to the ICE booking photographs of defendant and determined that DHS A-File A206-080-345 and its contents corresponded to defendant.

    b. Various documents, in addition to the Warrant of Removal/Deportation, indicating that defendant is a native and citizen of El Salvador. These documents included an Order of the Immigration Judge, dated July 25, 2017, ordering defendant removed to El Salvador.

    c. One executed warrant of removal/deportation (form I-205) indicating that defendant was officially removed from the United States on or about February 28, 2018. I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in

3

GONZALEZ's DHS A-File contained her photograph, signature, and fingerprint.

8. On or about July 29, 2025, I reviewed ICE computer indices on defendant. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in defendant's DHS A-File. The ICE computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

9. The ICE computer indices further indicated that, on March 26, 2021, and March 30, 2021, the defendant was encountered by United States Border Patrol in the area of Rio Grande City, Texas near the border of the United States and Mexico. Based on my training and experience, I know that in 2021, individuals encountered by Border Patrol near the border of the United States and Mexico were typically processed for expulsion under Title 42. Based upon information from other DHS personnel, being processed under Title 42 results in removal from the United States.

10. Based on my review of defendant's DHS A-File, I determined that it does not contain any record of her ever

4

applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

### IV. **CONCLUSION**

11. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Sections 1326(a), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this /s/ day of
August 2025.

HONORABLE JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE

5